UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**BIR SINGH KHALSA,**

    Plaintiff,

vs.                                                                                                   **No. 16 CV 790 JAP/KBM**

**BANK OF AMERICA NATIONAL ASSOCIATION
and THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS OF THE
CWALT INC, ALTERNATIVE LOAN TRUST
2006-2CB, MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2006-SCB,**

    Defendants,

**MEMORANDUM OPINION AND ORDER
GRANTING MOTIONS TO DISMISS**

In the MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 13) (Trust's Motion) and DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (Doc. No. 18) (BANA's Motion) (together, Motions), The Bank of New York Mellon f/k/a Bank of New York, as Trustee for the Registered Holders of Alternative Loan Trust 2006-2CB, Mortgage Pass-Through Certificates, Series 2006-2CB (the Trust) and Bank of America, National Association (BANA) (together, Defendants) ask the Court to dismiss both of the claims in Plaintiff's COMPLAINT FOR JUDCIAL [sic] NOTICE AND STATUTORY RELIEF (Doc. No. 1) (Complaint). Plaintiff, *pro se*, opposes the Motions. *See* PLAINTIFF'S RESPONSE TO DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (Doc. No. 19) (Response to BANA's Motion) and

1

PLAINTIFF'S RESPONSE TO DEFENDANT THE BANK OF NEW YORK MELLON'S MOTION TO DISMISS (Doc. No. 20) (Response to the Trust's Motion) (together, Responses). Defendants submitted reply briefs. *See* REPLY TO RESPONSE TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 21) and DEFENDANT BANK OF AMERICA, N.A'S REPLY IN SUPPORT OF MOTION TO DISMISS (Doc. No. 22). Because Plaintiff failed to timely exercise his right to rescind the loan transaction, the Court will grant the Motions and will dismiss both of Plaintiff's claims with prejudice.

I. STANDARDS OF REVIEW

    A. Motion to Dismiss

Defendants move to dismiss under Rule 12(b)(6). "The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). In evaluating a Rule 12(b)(6) motion, the court must "accept as true all well-pleaded facts [in the complaint], as distinguished from conclusory allegations, and view the facts in the light most favorable to the nonmoving party[.]" *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008) (quotation and alteration omitted). ). To summarize, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Since Plaintiff is acting *pro se*, the Court will liberally construe Plaintiff's pleadings. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). However, in construing Plaintiff's *pro se* Complaint, the court need not accept bare conclusory

allegations or legal conclusions without factual support. *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Twombly*, 550 U.S. at 557. In deciding a Rule 12(b)(6) motion, the Court typically considers only the facts alleged in the complaint. *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002). Nevertheless, the court may review documents referred to in a complaint, if the documents are central to the plaintiff's claim and the parties do not dispute their authenticity. *Id.* And, the court may also take judicial notice of documents that are in the public record. *S.E.C. v. Goldstone*, 952 F. Supp. 2d 1060, 1190 (D.N.M. 2013).

      B.      Truth in Lending Act

Under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* (TILA), creditors must make "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). In *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790, 791 (2015), Justice Antonin Scalia described TILA's rescission provisions:

> Congress passed the Truth in Lending Act . . . to help consumers "avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). To this end, the Act grants borrowers the right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so." § 1635(a) (2006 ed.). This regime grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements. But this conditional right to rescind does not last forever. Even if a lender never makes the required disclosures, **the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first."** § 1635(f).

*Id.* at 791–92 (footnote omitted and emphasis added). When a borrower timely exercises his right to rescind, "any security interest given by the obligor . . . becomes void[.]" 15 U.S.C. § 1635(b). A creditor faced with a timely and valid notice of rescission must respond:

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b). Creditors who fail to comply with § 1635 may also be liable for statutory damages:

> Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title . . . is liable . . . in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of the failure;
> (2)(A) (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, . . .
> (3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 . . ., the costs of the action, together with a reasonable attorney's fee as determined by the court[.]

15 U.S.C. § 1640. Under TILA, a borrower has a right of rescission and damages against the original creditor and subsequent assignees. 15 U.S.C. § 1641(c). But an assignee will not be liable unless the TILA disclosure violations are apparent on the documents provided to the assignee by the original lender. 15 U.S.C. § 1641(a).

II. BACKGROUND

On December 8, 2005, Plaintiff and his wife, Bir Kaur Khalsa, executed a Note for the principal sum of $337,000 secured by a Mortgage in favor of Homeloan USA

Corporation on a residential property located at 11 East Walnut Circle, Espanola, New Mexico. (BANA Mot. Ex. A.)[1] The Mortgage was signed and notarized on December 8, 2005 and was recorded on December 13, 2005 in the Santa Fe County records under the records number 1411519. (Compl. ¶ 6.)[2] The Complaint does not define each Defendant's relationship to the loan transaction but merely states that BANA and the Trust "hold interest [sic] in various tangible mortgage loans as well as the tangible mortgage loan which is the subject of the action." (Compl. ¶¶ 2-3.) In its Motion, the Trust identifies itself as an assignee of the original Note and Mortgage. In its Motion, BANA identifies itself as the former servicer of the loan.

On June 6, 2016, Plaintiff sent Defendants a letter purporting to rescind the loan transaction (the Notice) stating "[n]o loan between [Bank of America or the Trust][3] and us or any other loan in connection to my property at 11 Walnut Circle, Espanola, NM 87532 has ever been consummated within the appropriate legal definition of consummation." (Compl. ¶ 13.) Plaintiff claims that through the Notice, he properly exercised his right to rescind the loan under TILA § 1635(a). (Compl. ¶ 6.) In Count I of the Complaint, Plaintiff asks the Court to take judicial notice that "the mortgage dated December 8, 2005, recorded December 13, 2005, as instrument #1411519 in the office

---

[1] Exhibit A to BANA's Motion is a copy of the recorded Mortgage executed by Plaintiff and his wife. Plaintiff has not disputed the authenticity of this exhibit. Although the Complaint does not aver that the mortgaged property is Plaintiff's residence, the Mortgage states that Plaintiff and his wife agreed to occupy and insure the property as their principle residence. (BANA Mot. Ex. A at 6.)

[2] In 2012, the Trust filed a complaint in the First Judicial District Court, Santa Fe County, New Mexico seeking foreclosure of the Mortgage. *See The Bank of New York Mellon v. Bir Kaur Khalsa*, Case No. D-101-CV 2012-02543 First Judicial District Court in Santa Fe County, NM. The foreclosure action was dismissed on March 26, 2014 for lack of prosecution. (Trust Mot. Ex. A.) The Court may take judicial notice of the Trust's Exhibit A as a public docket sheet. *See Goldstone*, 952 F.Supp.2d at 1190.

[3] Although the Complaint quotes only the notice referring to Bank of America, the Court assumes that the notice sent to the Trust referred to it by name.

[of] the Clerk of Santa Fe County, New Mexico is terminated, released, void and invalid and likewise the obligation evidenced by the Note is terminated, released, void and invalid." (Compl. ¶ 20.) In Count II, Plaintiff alleges that he is entitled to statutory damages under 15 U.S.C. § 1640. (Compl. ¶¶ 23–26.)[4]

## II.     DISCUSSION

### A.     COUNT I

#### 1.     Plaintiff's Notice was untimely.

Defendants contend that Count I should be dismissed because Plaintiff sent the Notice more than three years after the loan transaction was consummated; thus, the purported rescission of the Note and Mortgage was invalid under 15 U.S.C. § 1635(f). In response, Plaintiff asserts that his Notice was not barred by the three-year statutory period for rescission because, as stated in the Notice, the loan transaction was never consummated. According to Plaintiff, since the loan transaction allegedly was never consummated, the three-year deadline for notice of rescission never expired. (Resp. to BANA's Mot. at 3.) However, Plaintiff fails to meaningfully dispute the basic fact that Plaintiff and his wife executed the loan documents on December 5, 2005, as evidenced by the recorded Mortgage. Under TILA regulations, "consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Therefore, as a matter of law, the loan transaction was consummated on

---

[4] The Complaint alleges Plaintiff "has made certain payments of monies in regards to this loan prior to rescission, and as Defendants are statutorily required to return those monies and has [sic] not, Plaintiff seeks an immediate Court ordered return of those monies in full and under 15 U.S.C. § 1640 additionally twice those amounts." (Compl. ¶ 23.) "Plaintiff issued a Note, which, as personal property, had been tendered in regards to the loan. Whereas Defendants are statutorily required to return personal property and ha[ve] not, Plaintiff now seeks an immediate Court ordered return of all personal property and any other property (real or personal) Plaintiff is entitled." (Compl. ¶ 24.) "If the Note cannot be, or is not returned unaltered, then Plaintiff seeks, from Defendants, the monetary value of that Note to [sic] determined by its face as well as by all monies made or acquired in regards to that Note while that Note was held by others and under 15 U.S.C. § 1640, additionally twice those amounts." (Compl. ¶ 26.)

December 5, 2005. *See Wilder v. Ogden Ragland Mortgage*, No. 3:15-CV-4013-N (BF), 2016 WL 4440487, *5 (N.D. Tex. July 29, 2016) (citing TILA regulation and finding "consummation" when consumer signs loan documents). The Court joins other courts that have rejected the same argument Plaintiff is making. *See Fannon v. U.S. Bank, N.A.*, Civil No. 16–cv–141–JD, 2016 WL 5108036, *4 (D.N.H. Sept. 20, 2016) (stating that loan was consummated when the plaintiffs signed the note and that the plaintiffs' theory that the loan was never consummated "has been overwhelmingly rejected by other courts.").

The Court agrees with United States District Judge William "Chip" Johnson's conclusion that a notice of rescission denying that a loan was consummated is wholly conclusory and not legally or factually supported. *See Khalsa v. U.S. Bank, N.A., et al.*, No. 15 CV 1010 WJ/KBM, MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 45) at p. 4–5 (D.N.M. July 13, 2016) (holding that rescission notice sent nearly 10 years after loan closed was untimely despite notice's statement that loan was never consummated). *See also Singh v. U.S. Bank N.A.*, No. 16 CV 579 WJ/WPL, MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO FILE UNTIMELY RESPONSE, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 26) at p. 5 (D.N.M. Oct. 26, 2016) (rejecting plaintiff's claim that loan was never consummated because plaintiff did not deny signing the loan documents). Like the plaintiffs in Judge Johnson's cases, Plaintiff has not alleged in the Complaint or in his Responses that he failed to execute the Note or the Mortgage. Moreover, Plaintiff's position is simply

absurd because a loan that was never consummated cannot, and need not, be rescinded. *See Wilder*, 2016 WL 4440487, at *5 (stating, "Plaintiff's claim that the three years period to rescind the loan remains open, because . . . the loan was never consummated is nonsensical."). Since Plaintiff's right to rescind expired on December 5, 2008, three years after the loan was consummated, his June 6, 2016 Notice was untimely and invalid.

    2.  Rescission under TILA is not a non-judicial process.

  Plaintiff cites *Belini v. Washington Mut. Bank*, 412 F.3d 17, 25 (1st Cir. 2005) and argues that the Notice triggered a non-judicial rescission process. Plaintiff reasons that by refusing to respond to the Notice, BANA and the Trust are now precluded from attacking the rescission in this Court. However, in *Belini*, the borrowers had exercised their right to rescind within three years of closing the loan transaction; therefore, the court did not address the validity of the rescission. *Id.* at 21. Instead, the court ruled that in addition to rescission, the borrowers could sue the bank for damages for failing to respond to their notice. *Id.* at 25. Plaintiff points to a statement in which the court generally recognized that "section 1635 is written with the goal of making the rescission process a private one, worked out between creditor and debtor without the intervention of the courts." *Id.* at 25. This statement, however, does not support Plaintiff's argument that the statutory process can be triggered by an untimely Notice. Nor does *Belini* support Plaintiff's assertion that Defendants may not challenge the validity of Plaintiff's purported rescission in court. In addition to *Belini*, Plaintiff cites several cases all of which are inapposite. *See, e.g., Mijo v. Avco Fin. Serv. of Haw.*, No. 90-16688, 1991 WL 126660, at *1 (9th Cir. July 1, 1991) (holding that by refinancing loan and paying the creditor, borrowers no longer had right under TILA to rescind and sue creditor for damages for failure to respond to invalid

rescission notice); *Smith v. Fid. Cons. Disc. Co.*, 898 F.2d 896, 903 (3d Cir. 1990) (noting timely rescission notice, but finding that rescission was invalid because creditor's nondisclosure was not the type of TILA violation that supported right to rescind); *Smith v. Sm. Fin. Sys., Inc.*, 737 F.2d 1549, 1550 (11th Cir. 1984) (finding no right to damages despite timely notice of rescission because creditor's nondisclosure was not material); *Arnold v. W.D.L. Invs., Inc.*, 703 F.2d 848, 850 (5th Cir. 1983) (upholding timely notices of rescission of second mortgage granted to secure down payment on purchase of home); *Gerasta v. Hibernia Nat. Bank*, 575 F.2d 580, 584 (5th Cir. 1978) (upholding timely rescission); *and Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1455 (D. Haw. 1996) (finding that borrower had claim for damages because creditor failed to respond to timely notice of rescission). At most, these cases stand for the proposition that the statutory process of rescission under TILA is triggered when a borrower properly and timely exercises the right to rescind. That is not the case here.

Plaintiff also cites *Jesinoski* to support his argument that merely sending a notice of rescission, even if untimely, triggers the statutory rescission process. However, *Jesinoski* did not involve an untimely notice of rescission. In that case, the borrowers sent a letter to their mortgage bank requesting rescission exactly three years after executing a note and mortgage. 135 S.Ct. at 791. Within 20 days after receiving the letter, the mortgage bank responded by letter refusing to acknowledge the rescission. *Id.* One year later, the borrowers sued to rescind the loan. *Id.* The district court and the Eighth Circuit ruled that the notice of rescission was insufficient because TILA required the borrowers to file suit to rescind within the three year time period. *Id.* Recognizing a circuit split on the issue, the Supreme Court reversed and held that the borrowers' timely notice was

sufficient: "[S]o long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not require him to sue within three years." *Id.* at 792. In short, Plaintiff cannot rely on either *Belini* or *Jesinoski* as support for his assertion that Defendants were required to respond to his untimely Notice. Plaintiff's right to rescind this loan transaction under TILA expired on December 8, 2008; thus, Plaintiff's June 6, 2016 Notice purporting to rescind the loan transaction had no legal effect, and Defendants were not statutorily required to respond to the Notice. *See also Beach*, 523 U.S. at 412 ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.").

        3.        Defendants are not estopped by their silence.

In a related argument, Plaintiff asserts that Defendants' failure to respond to his Notice precludes them from opposing rescission under the doctrine of estoppel by silence. The concept of "estoppel by silence" prohibits a party from asserting a position when that person had both the duty and the opportunity to speak up about their position earlier. *See, e.g., Wiser v. Lawler*, 189 U.S. 260, 270 (1903) (describing theory); *Rockwell Acquisitions, Inc. v. Ross Dress for Less, Inc.*, 397 Fed. App'x 424, **5 (10th Cir. Aug. 24, 2010) (unpublished) (holding that tenant had no duty to notify lessor of lease violation and was not estopped for failing to oppose leasing of neighboring space to more than one tenant). There is nothing in the TILA statutory language, the regulations, or the common law that requires Defendants to respond to an untimely, legally ineffective Notice or be barred from later disputing it in court. *Khalsa*, No. 15 CV 1010, MEMORANDUM OPINION AND ORDER (Doc. No. 45) at 4–5 (discrediting "estoppel by silence theory" and stating there is no statutory or common law duty requiring

Defendants to respond to a rescission demand that was "without basis"). Consequently, Defendants' alleged "silence" does not preclude them from opposing Plaintiff's claim of rescission.

    4.  Plaintiff failed to plead ability to tender loan proceeds.

The Trust asserts that the Court should dismiss Count I because Plaintiff failed to fulfill the TILA regulatory provision, 12 C.F.R. § 226.23(d)(3) and the statutory provision, 15 U.S.C. 1635(b), which, according to the Trust, require a consumer to tender the loan proceeds prior to exercising the right of rescission. The statutory language provides,

> Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

15 U.S.C. § 1635(b). The regulatory provisions state,

> When the creditor has complied with [paragraph (d)(2)], the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value.

12 C.F.R. § 226.23(d)(3). Paragraph (d)(2) provides,

> Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

12 C.F.R. § 226.23(d)(2). The regulations allow a court to modify the aforementioned procedures. 12 C.F.R. § 226.23(d)(4).

Plaintiff asserts that under these provisions, he is not obligated to tender the loan proceeds or to plead the ability to tender the proceeds until Defendants meet their obligation to rescind the loan and return Plaintiff's payments. Some courts, however,

11

have required claimants to plead "the ability to tender payment" of loan proceeds or face dismissal of their rescission claims. *See, e.g., Gates v. Wachovia Mortgage, FSB*, No. 09-cv-02464-FCD/EFB, 2010 WL 902818, *5 n. 3 (E.D. Cal. Feb. 19, 2010) (stating that plaintiff's untimely rescission and failure to plead the ability to tender payment warranted dismissal of her rescission claim); *Ibarra v. Plaza Home Mortgage*, No. 08-cv-01707-H, 2009 WL 2901637, *7 (S.D. Cal. Sept. 4, 2009) (dismissing rescission claim because plaintiff had not alleged "the unconditional offer of payment and the present ability to perform.").[5] And the Ninth Circuit Court of Appeals has held that courts have the power to impose conditions on rescission that "assure the borrower meets her obligations once the creditor has performed its obligations." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003). The Tenth Circuit has held that a district court did not abuse its discretion when it required the claimant to show ability to tender the loan proceeds in response to the lender's summary judgment motion. *Sanders v. Mountain America Credit Union*, 621 Fed. App'x 520, 524–27 (10th Cir. 2015) (unpublished) (upholding district court's grant of defendant's motion for summary judgment based on the borrowers' inability to prove they could tender the value of the loan proceeds). Judge Johnson dismissed a TILA rescission claim as untimely and because the complaint did not include allegations that plaintiff was "willing and able to tender return of the Loan proceeds he took." *Khalsa*, No. 16 CV 579 WJ/WPL, MEMORANDUM OPINION AND ORDER (Doc. No. 26) at 6. Under these authorities, the Court may dismiss Count I for this reason as well.

---

[5] Plaintiff argues that *Gates* and *Ibarra* lack persuasive authority because they were decided prior to the Supreme Court's decision in *Jesinoski*. However, *Jesinoski* did not deal with the issue of tender. The Supreme Court held only that a borrower need not sue for rescission and may send a notice within the three year period in order to exercise his right to rescind. 135 S.Ct. at 792.

> 5. Plaintiff failed to meet pleading requirements against assignee of the Mortgage.

The Trust argues that, as an assignee of the Note and Mortgage, it cannot be subject to claims for rescission and damages unless Plaintiff alleges that the original lender's failure to make the required TILA disclosures is apparent on the face of the assignment documents. 15 U.S.C. § 1641(e)(1). Since the Complaint fails to allege that the original lender's TILA violation was apparent on the face of the assignment documents, both Counts of the Complaint may also be dismissed for this reason. *See, e.g., Lewis v. Greentree Mortgage Serv.*, 51 Fed. App'x 68, **1 (2d Cir. Nov. 21, 2002) (unpublished) (upholding district court's summary judgment in favor of lender because evidence showed there was no TILA violation on the face of the mortgage documents "that would render Greentree Mortgage Services liable as an assignee of the loan."); *McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355, *1 (5th Cir. Mar. 28, 2001) (unpublished) (upholding dismissal of claim against assignee because plaintiff did not plead that TILA violation was "apparent on the face of the note.").

    B.    COUNT II

Under 15 U.S.C. § 1640, any creditor "who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, . . . is liable to such person" for damages. 15 U.S.C. § 1640(a). In Count II, Plaintiff alleges that Defendants violated § 1635 by failing to properly respond to his Notice of rescission; thus, Defendants are liable for statutory damages under § 1640. Defendants correctly argue that since Plaintiff's Notice was untimely and invalid, Defendants could not have violated § 1635 as a matter of law. Therefore, the Court agrees with Defendants that Plaintiff's Count II claim for damages must be dismissed. *See Belini v. Washington Mut.*

*Bank, FA*, 412 F.3d 17, 25 (1st Cir. 2005) ("where debtor's notice of rescission is invalid[,] . . . then no damages can be assessed against the creditor for failing to respond to the notice.").

The Trust also asserts that Plaintiff's Count II claim should be dismissed as untimely. Section 1640 provides, "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Trust maintains that most courts have considered the loan consummation date as the "date of occurrence" under this provision. (Trust Mot. at 6) (citing *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986)). The Trust's argument is correct as to claims for TILA violations related to disclosures at the closing of the loan transaction. The United States District Court in Colorado has found that the one year limitations period begins to run, "when credit is extended through the consummation of the transaction between the creditor and its customer without the required disclosures being made." *Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1258 (D. Colo. 2004) (citing *Dryden v. Lou Budke's Arrow Finance Co.*, 630 F.2d 641, 646 (8th Cir. 1980)).

However, Plaintiff's Count II claim is not based on the original lender's failure to make the required disclosures when this loan was consummated. Instead, Plaintiff claims Defendants violated § 1635 by failing to respond to the Notice of rescission. Plaintiff points to the *Belini* case, which held that the date of occurrence for that type of violation is the date the creditor fails to respond to a valid notice of rescission. *See Belini*, 412 F.3d at 26 (holding that the one-year limitations period for damages runs from twenty days after the valid notice of rescission was sent to the creditor). Theoretically, if Plaintiff's

Notice was timely and Defendants failed to properly respond, the "date of occurrence" would be 20 days after June 6, 2016, and Plaintiff's Count II claim would have been timely. But, Plaintiff's Notice was invalid. Consequently, Defendants did not violate TILA in failing to respond, and the one year limitations period was not triggered. Thus, Plaintiff's Count II claim fails not because it was untimely, but because, as a matter of law, Defendants did not violate TILA by failing to respond to the invalid Notice.

IT IS ORDERED that MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 13) and DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) (Doc. No. 18) are granted and Plaintiff's COMPLAINT FOR JUDCIAL [sic] NOTICE AND STATUTORY RELIEF (Doc. No. 1) will be dismissed with prejudice.

*James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE